## SWAN CARBURETOR CO. v. NASH MOTORS CO.

### No. 4348.

Circuit Court of Appeals, Fourth Circuit.

July 14, 1938.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

F. O. Richey, of Cleveland, Ohio (F. M. Bosworth, of Cleveland, Ohio, Edwin F. Samuels, of Baltimore, Md., and Richey & Watts, of Cleveland, Ohio, on the brief), for appellant.

Merrell E. Clark, of New York City (J. Lewis Stackpole, of Boston, Mass., Charles H. Walker, of New York City, and Venable, Baetjer & Howard, of Baltimore, Md., on the brief), for appellee.

### PER CURIAM.

This is a suit for patent infringement. Plaintiff moved to strike out the portions of the answer denying infringement by defendant's "second group" of manifolds on the ground that defendant was estopped to deny same because of proceedings had in another suit in the Sixth Circuit, the defendant being in privity with the defendant in that suit. Reeke-Nash Motors Co. v. Swan Carburetor Co., 88 F.2d 876. With its motion plaintiff tendered a proposed de-

cree granting among other things an injunction on the ground of infringement. The court denied the motion to strike, holding against the plaintiff on the question of estoppel, and refused to sign the tendered decree. From the order denying its motion plaintiff has appealed. No question is raised by defendant as to the right of plaintiff to appeal under the circumstances and the majority of the Court are of opinion that the Court has jurisdiction to entertain the appeal.

We have carefully examined the record and see no reason for disturbing the finding and order of the trial judge. Plaintiff contends that evidence as to the second group of manifolds was introduced into the prior litigation under the contention that their operation was identical with the manifolds there in suit. Defendant denies this and contends that they were introduced to illustrate the operation of the Matheson patent of the prior art and to show that same was not a failure. We express no opinion as to whether the manifolds of the second group were or were not based upon the Matheson patent; but we agree with the judge below that, whether they were or not, defendant is not estopped by what was done in the other suit to deny infringement with respect to them. This will, of course, not prejudice plaintiff on the trial of the issue of infringement, as to which we indicate no opinion whatever.

Affirmed.